IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**REBECCA ARCHULETA, SHANNON**
**BRADY, SONYA CARRASCO-TRUJILLO,**
**TRICIA MCFAUL, TERRIE MONTOYA,**
**and OLGA SANCHEZ,**

      Plaintiffs,

v.   No. CIV 13-363 JAP/RHS

**THE CITY OF SANTA FE, MICHAEL**
**G. EISKANT, and RAYMOND J. RAEL,**

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTIONS WITHOUT PREJUDICE**

DEFENDANTS CITY OF SANTA FE, RAYMOND J. RAEL, AND MICHAEL G. EISKANT'S MOTION TO DISMISS NO. I: DISMISSAL OF PLAINTIFFS' FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION CLAIMS (Doc. No. 31) (Motion No. 1) states that Plaintiffs' "have failed to allege facts that rise to a level of a violation of any of their clearly established substantive due process or equal protection rights, thereby entitling Defendants Eiskant and Rael to qualified immunity." (Motion No. 1 at 2, 3-4.)  Defendants do not expressly assert if or why Plaintiffs' due process and equal protection claims should be dismissed against City of Santa Fe.

On the same day Defendants filed Motion No. 1, they filed a separate MOTION TO DISMISS NO. II: DISMISSAL OF PLAINTIFFS' CLAIMS AGAINST RAYMOND J. RAEL IN HIS OFFICIAL CAPACITY AND DISMISSAL OF CLAIMS OF CERTAIN PLAINTIFFS BROUGHT UNDER THE DRIVER'S PRIVACY PROTECTION ACT (Doc. No. 32) (Motion

1

No. 2).  Defendants' Motion No. 2 argues that Defendant Rael is entitled to dismissal of all claims against him in his official capacity because such claims are actually against the City of Santa Fe.  In addition, Motion No. 2 contends that Defendants are entitled to dismissal of claims brought under the Driver's Privacy Protection Act ("DPPA") by all Plaintiffs except Tricia McFaul for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or because "such claims are not supported by factual allegations."  (Doc. No. 2 at 2, 6.)

Several days later, Defendants filed a MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING THE COURT'S DISPOSITION OF MOTIONS TO DISMISS ON THE BASIS OF QUALIFIED IMMUNITY (Doc. No. 33) ("Motion to Stay").

Plaintiffs have not yet responded to any of the motions.  The Court determines, however, that no responses are necessary.  Under the Court's inherent authority and discretion to manage its docket, it will deny all three motions without prejudice to filing them again.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (courts are vested with the authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases); *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) ("federal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious disposition of cases.'")

### Discussion

#### Motion No. 1

Defendants' Motion No. 1 seeks qualified immunity with respect to individual Defendants Eiskant and Rael, but a large part of the 27-page motion discusses Rule 12(b)(6) pleading requirements, along with pleading standards set out by the United States Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009).  (*See, e.g.,* Motion No. 1 at 2-3.)  Defendants' Motion No. 1 sets out Plaintiffs' allegations at length (Motion No. 1 at 5-14), in arguing that such contentions "do not demonstrate a degree of outrageousness and magnitude of harm that is conscience shocking, and therefore fail to state a claim . . . ."  (*Id.* at 14.)  Defendants similarly summarize many of Plaintiffs' allegations and various case law in asserting that because Plaintiffs' contentions "fail to establish a violation of their substantive due process rights, they cannot state a claim against Chief Rael for deliberate indifference."  (*Id.* at 22.)

Motion No. 1 is best characterized as a combined motion arguing both failure to state a claim under Rule 12(b)(6) or *Twombly/Iqbal* pleading standards and entitlement to qualified immunity.  While the Court typically reviews an assertion of qualified immunity at the summary judgment stage, such request can be brought in a motion to dismiss.  *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004).  In *Peterson*, however, the Tenth Circuit Court of Appeals observed that in relation to a qualified immunity defense, a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* (citation omitted).  Moreover, some courts have commented that qualified immunity is not appropriately decided by a motion to dismiss because the immunity inquiry is dependent on the facts of the case.  *See, e.g., Alvarado v. Litscher*, 267 F.3d 648, 651-52 (7th Cir. 2001) (a "plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity" at the pleading stage; "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal") (citation omitted).

The Court determines that discovery should proceed in this matter and that qualified immunity may be brought by summary judgment motion after further development of the facts.

Therefore, the Court will deny Motion No. 1 without prejudice to raising qualified immunity and all other pertinent issues at a later date.[1]

**Motion No. 2**

Defendants' Motion No. 2 is not a qualified immunity motion, although Defendants' Motion to Stay refers to both Motion Nos. 1 and 2 as based on qualified immunity. (Motion to Stay at 1.) Motion No. 2 seeks dismissal of certain Defendants and claims under Rule 12(b)(6) for failure to state a claim.

Because of Defendants' somewhat confusing characterization of its motions, along with its motion to stay proceedings asserting both motions are requests for qualified immunity, the Court will deny Motion No. 2 without prejudice, as well. In addition, the Court is not persuaded, at this point, that the claim brought under the DPPA in Plaintiffs' Second Amended Complaint (Doc. No. 1, attachment) does not meet pleading requirements.

The Court determines that discovery should proceed and that Defendants may raise arguments asserted in Motion No. 2 by a motion for summary judgment after further development of the facts. Therefore, the Court will deny Motion No. 2 without prejudice to raising the same arguments if appropriate at a later date.[2]

---

[1] The Court advises Plaintiffs, however, that to the extent Defendants' arguments are meritorious with respect to statute of limitations problems (*see, e.g.,* Motion No. 1 at 6), Plaintiffs should consider dismissal of time-barred claims in order to expedite this litigation.

[2] Again, Plaintiffs should determine the appropriateness of voluntarily dismissing any claims against Defendant Rael, as sued in his official capacity, if such claims are actually against Defendant City of Santa Fe. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity" (citation omitted)).

**Motion to Stay**

Because the Court is denying both motions to dismiss, there is no basis to stay discovery. Accordingly, the Court will deny the motion to stay without prejudice to reasserting it, if appropriate.

**Conclusion**

Regarding a motion for summary judgment, the Court suggests that counsel file a single motion rather than separate motions aimed at each different claim. Filing an omnibus motion for summary judgment will streamline this litigation and will save fees, costs, and judicial resources. It also will prevent the practice of circumventing page and exhibit limits set out in this District's local rules. It promotes succinct argument. Finally, it avoids piecemeal litigation and repetitious recitation of legal standards and arguments. (*See, e.g.,* Motion No. 1 at 2-3; Motion No. 2 at 2-4.)

IT IS THEREFORE ORDERED that:

(1) DEFENDANTS CITY OF SANTA FE, RAYMOND J. RAEL, AND MICHAEL G. EISKANT'S MOTION TO DISMISS NO. I: DISMISSAL OF PLAINTIFFS' FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION CLAIMS (Doc. No. 31) is DENIED without prejudice;

(2) DEFENDANTS CITY OF SANTA FE, RAYMOND J. RAEL, AND MICHAEL G. EISKANT'S MOTION TO DISMISS NO. II: DISMISSAL OF PLAINTIFFS' CLAIMS AGAINST RAYMOND J. RAEL IN HIS OFFICIAL CAPACITY AND DISMISSAL OF CLAIMS OF CERTAIN PLAINTIFFS BROUGHT UNDER THE DRIVER'S PRIVACY PROTECTION ACT (Doc. No. 32) is DENIED without prejudice; and

(3) DEFENDANTS CITY OF SANTA FE, RAYMOND J. RAEL, AND MICHAEL G. EISKANT'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING THE COURT'S DISPOSITION ON MOTIONS TO DISMISS ON THE BASIS OF QUALIFIED IMMUNITY (Doc. No. 33) is DENIED without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE