# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**REBECCA ARCHULETA, SHANNON
BRADY, SONYA CARRASCO-TRUJILLO,
TRICIA MCFAUL, TERRIE MONTOYA,
OLGA CLOVIS, SHANNON TRUJILLO,**
(on her own behalf and on behalf of a class of
similarly situated persons), and CASSIDY
STEINFELD, (on her own behalf and on behalf
of a Class of similarly situated persons),

        **Plaintiffs,**

**v.**                                                **No. CIV 13-363 JAP/SCY**

**THE CITY OF SANTA FE, MICHAEL
G. EISKANT, and RAYMOND J. RAEL,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT TO SUBSTITUTE NEW PLAINTIFFS AS PROPOSED CLASS REPRESENTATIVES (Motion to Amend) (Doc. No. 73) asks the Court to allow amendment of the Third Amended Complaint to replace class representative, Plaintiff Tricia McFaul, who accepted a Rule 68 Offer of Judgment. If the Court permits the amendment, Plaintiffs Shannon Trujillo and Cassidy Steinfeld will bring claims under the Drivers Privacy Protection Act (DPPA)[1] on their behalf and

---

[1] To obtain a driver's license or register a vehicle, state motor vehicle departments typically require an individual to disclose detailed personal information, e.g., name, home address, telephone number, Social Security number, and medical information. *Maracich v. Spears*, 133 S. Ct. 2191, 2198 (2013) (citation omitted.) Congress enacted the DPPA to address privacy concerns about the disclosure of driver license and registration information. The DPPA "establishes a regulatory scheme that restricts the States' ability to disclose a driver's personal information without the driver's consent." *Id.* (citation omitted). Plaintiffs allege that Defendant Michael G. Eiskant improperly accessed private driver information.

on behalf of a putative class of similarly situated persons, and Plaintiff McFaul will no longer be the class representative.

DEFENDANTS CITY OF SANTA FE, RAYMOND J. RAEL, AND MICHAEL G. EISKANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT TO SUBSTITUTE NEW PLAINTIFFS AS PROPOSED CLASS REPRESENTATIVES (Response) (Doc. No. 81) does not address the standard for allowing amendment of the Complaint. Instead, Defendants argue that where the class representative accepts a Rule 68 Offer of Judgment and no class action has been certified, the proposed class action under the DPPA is moot and must be dismissed. In other words, according to Defendants, Plaintiffs seek to amend a claim that no longer exists.

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT TO SUBSTITUTE NEW PLAINTIFFS AS PROPOSED CLASS REPRESENTATIVES (Reply) (Doc. No. 84)[2] argues that the Rule 68 Offer of Judgment did not moot Plaintiff McFaul's claims because judgment has not been entered as to her individual or class claims, none of Plaintiff McFaul's claims have been dismissed, and Plaintiff McFaul's attorneys' fees and costs are not yet determined.[3] Thus, Plaintiffs assert that the Court continues to have jurisdiction over Plaintiff

---

[2] On December 17, 2014, proposed new Plaintiffs Shannon Trujillo and Cassidy Steinfeld filed a Motion to Intervene as New Class Representatives under Rule 24. (Doc. No. 83 at 2). Plaintiffs explain that the Motion to Intervene seeks the same result as Plaintiffs' Motion to Amend. Because the Court has decided to grant the Motion to Amend, it will deny the Motion to Intervene as moot.
[3] Defendants' Rule 68 Offer of Judgment offered $55,000.00 to Plaintiff McFaul "plus all reasonable costs, including reasonable attorney's fees, incurred in this action, attributable to this Plaintiff, to date." (Doc. No. 74-1, Ex. A, ¶ 3).

McFaul's individual and class claims.[4] Reply at 2.

### Background

On April 17, 2013, Defendants removed Plaintiffs' SECOND AMENDED COMPLAINT

FOR DAMAGES (Doc. 1-2) from State District Court to Federal District Court. (Doc. No. 1).

Plaintiffs' Complaint asserts claims under: 1) the First and Fourteenth Amendments to the

United States Constitution, 2) 42 U.S.C. § 1983 for supervisory and municipal liability, 3) the

DPPA, 4) the New Mexico Tort Claims Act, and 5) the New Mexico Whistleblower Protection

Act. (Joint Status Report) (Doc. No. 17). The Court later allowed Plaintiffs to file a Third

Amended Complaint (Doc. No. 61).[5]

Because Plaintiffs' Motion to Amend concerns only the DPPA class claim, the Court

summarizes the pertinent allegations from the Third Amended Complaint and the proposed

Fourth Amended Complaint (Doc. No. 73-2). Most of Plaintiffs' DPPA allegations focus on the

conduct of Defendant Michael G. Eiskant (Mr. Eiskant), who is a former Santa Fe Police

Department (SFPD) law enforcement officer.

Plaintiff McFaul alleges that Mr. Eiskant engaged in a "pattern of stalking, harassment

and predatory behavior." Doc. No. 61, ¶ 178. Plaintiff McFaul further asserts that Mr. Eiskant's

actions in stalking her and her daughter in a parking lot were facilitated by Mr. Eiskant's

improper and unauthorized access of motor vehicle records and personal driver information

through LEADS (a restricted computerized data base containing confidential drivers' license

---

[4] Plaintiffs note that they overstated the effect of Plaintiff McFaul's acceptance of the Rule 68 Offer when
they stated in their opening Motion to Amend that Plaintiff McFaul's acceptance of the offer resolved her
individual claims but not her class claims. Plaintiffs indicate in their Reply that even Plaintiff McFaul's
individual claims present live controversies until the claims are "reduced to judgment, satisfied, and
dismissed." Reply at 3 n. 1.
[5] On June 12, 2014, Plaintiffs moved for leave to file a Third Amended Complaint. (Doc. No. 52). After
hearing argument from counsel for both parties at a hearing on July 15, 2014, the Court orally granted
Plaintiffs' request to file a Third Amended Complaint. (Doc. No. 57). On July 22, 2014, Plaintiffs filed
the Third Amended Complaint. (Doc. No. 61).

information), during Mr. Eiskant's tenure with SFPD. *Id.*, ¶¶ 72(b), 178–82, 228–38, 283–90 (Seventh Cause of Action DPPA class action).

Similar to Plaintiff McFaul's allegations, the proposed Fourth Amended Complaint alleges that Mr. Eiskant stalked both proposed Plaintiffs Trujillo and Steinfeld after having obtained personal information about them through the LEADS system. Doc. 73-2, ¶¶ 224–230, 231–235, 241–52, 296–303 (Seventh Cause of Action DPPA class action).

This proceeding was delayed between November 2013 and July 2014 in relation to Defendants' two motions to dismiss (Doc. Nos. 31, 32), the Court's preliminary ruling on the motions to dismiss (Doc. No. 34), Defendants' December 2013 Notice of Interlocutory Appeal of the Court's decision, and the Tenth Circuit Court of Appeals' July 2014 Order dismissing the interlocutory appeal. (Doc. No. 55). Due to the delay, discovery did not commence in earnest until after September 2014.

In September 2014, after the interlocutory appeal was dismissed, Magistrate Judge Steven C. Yarbrough issued an Order resetting many of the case management deadlines. (Doc. No. 68). Discovery is now scheduled to close on February 23, 2015, and pretrial motions must be filed by March 23, 2015. This Court has set a pretrial conference on May 28, 2015. The trial date is not yet scheduled.

In October 2014, after resolution of the interlocutory appeal, the parties re-commenced discovery. (Doc. Nos. 70, 72). On October 28, 2014, Defendants submitted Rule 68 Offers of Judgment to each of the six Plaintiffs; only Plaintiff McFaul accepted the Offer of Judgment. (Doc. No. 74-1, Ex. A). The Offer of Judgment to Plaintiff McFaul states that it was "made to fully and finally resolve all claims asserted against [Defendants] in this action by this Plaintiff." Doc. No. 74-1, Ex. A. On November 12, 2014, Plaintiff McFaul filed a Notice of Acceptance of

the Rule 68 Offer Of Judgment, expressly stating that "she accepts the offer of Judgment solely with respect to claims made on her behalf and not with respect to claims made on behalf of the putative class pursuant to Fed. R. Civ. P. 23." Doc. No. 74-1. No Rule 68 Judgment has been entered as to Plaintiff McFaul's claims. According to the Rule 68 Offer of Judgment, Plaintiff McFaul is entitled to reasonable costs, including reasonable fees, which have yet to be determined. Doc. No. 74-1, Ex. A at ¶ 3.

Also on November 12, 2014, Plaintiffs filed the present Motion to Amend. Plaintiffs attached a proposed Fourth Amended Complaint asking the Court to substitute Shannon Trujillo and Cassidy Steinfeld in place of Plaintiff McFaul. Doc. Nos. 73-1, 73-2. The proposed Fourth Amended Complaint contains no new causes of action although it sets out new allegations with respect to the DPPA claims of the two new class representatives. Doc. No. 73-1, ¶¶ 224–235, 296–303. Other than these changes, the Fourth Amended Complaint is the same as the Third Amended Complaint.

## Legal Standards

I.   Federal Rule of Civil Procedure 15(a)

Rule 15(a)(2) applies where Plaintiffs can amend their complaint only with the opposing party's written consent or the court's leave. Defendants oppose Plaintiffs' request for leave to file a Fourth Amended Complaint. Thus, the Court must exercise its discretion in deciding whether to allow the proposed amendment.

Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires. "The determination of whether to grant or deny leave to amend is within the discretion of the court and the court's decision relative to an amendment is subject to reversal only for abuse of that discretion." *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (10th Cir. 1983)

(citation omitted). Generally, the Court denies leave to amend "only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citation omitted).

II.   <u>Federal Rule of Civil Procedure 16</u>

On July 11, 2013, the magistrate judge entered a Rule 16(b)(1) Scheduling Order setting a deadline of August 12, 2013 for Plaintiffs' amendments to the pleadings. (Doc. No. 20). Plaintiffs filed the Motion to Amend well over a year past the deadline for amendments. Thus, Plaintiffs' Motion to Amend implicates Rule 16 that governs modifications to a scheduling order deadline.

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Demonstrating good cause under Rule 16(b)(4) "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins,* 315 F. App'x 57, 61 (10th Cir. Feb. 25, 2009) (unpublished) (citation omitted). Whether a movant establishes "good cause" for purposes of Rule 16(b)(4) lies within the court's discretion. *Id.* at 61–62.

III.   <u>Interplay between Rule 15 and Rule 16</u>

In addressing cases where both Rules 15 and 16 are implicated, the Court first examines the "good cause" standard under Rule 16. *Torres v. Coon*, No. CIV 12-474 JP/SMV, Memorandum Opinion and Order (Doc. No. 75) at 5 (D.N.M. June 26, 2013). In *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, the Tenth Circuit Court of Appeals recently concluded that after a scheduling order deadline has expired, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the

6

Rule 15(a) standard." 771 F.3d 1230, 1240 (10th Cir. 2014) (citations omitted). The *Gorsuch*

Court explained that "[i]n practice, th[e] [good cause] standard requires the movant to show the

'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Id.* (citation

omitted). For example, the Court would not allow a party to amend a complaint to add a new

claim after the deadline where the party knew of the pertinent conduct but simply failed to

include the claim in the pleading. *Id.* If a party lacks good cause for an amendment, the court has

discretion to deny a motion to amend and need not address Rule 15(a) requirements. *Id.* at 1242.

      If, however, a party establishes good cause to extend the scheduling order deadline, Rule

15(a)'s more lenient amendment standard comes into play. *See Martinez v. Target Corp.*, 384 F.

App'x 840, 847 n.5 (10th Cir. July 1, 2010) (finding that the court need not analyze good cause

under Rule 16(b)(4) because the plaintiff could not satisfy "the more lenient standard of Rule

15(a)(2)"). In *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006), the Tenth

Circuit Court advised that "denial of leave to amend [under Rule 15(a)] is appropriate when the

party filing the motion has no adequate explanation for the delay." In applying Rule 15

standards, the Tenth Circuit Court further explained –

> The district court has wide discretion to recognize a motion for
> leave to amend in the interest of a just, fair or early resolution of
> litigation. Rule 15 was designed to facilitate the amendment of
> pleadings except where prejudice to the opposing party would
> result. Typically, courts will find prejudice only when an
> amendment unfairly affects non-movants in terms of preparing
> their response to the amendment.

*Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citations omitted), *cert. denied,* 559 U.S.

936 (2010).

**Discussion**

I.     The Parties' Positions

     A.     *Plaintiffs' Motion to Amend*

Plaintiffs argue that they meet both Rule 15 and 16 standards and that there are no grounds to deny the Motion to Amend. According to Plaintiffs, they acted promptly by moving to amend the complaint immediately after Plaintiff McFaul accepted the Rule 68 Offer of Judgment. In addition, Plaintiffs contend that Defendants will not be prejudiced under circumstances where no new claims are added, and the amendment will not affect discovery or trial. Plaintiffs further assert that the amendment should be allowed because it will permit all claims to be resolved in one proceeding rather than requiring the newly proposed class representatives to bring a separate class action. Motion to Amend at 4.

In addition, Plaintiffs disagree with Defendants' position that Plaintiff McFaul's acceptance of the Rule 68 Offer extinguished all of her claims. Plaintiffs state that until the Court determines Plaintiff McFaul's costs and fees and enters judgment and dismissal as to Plaintiff McFaul's claims, Plaintiff McFaul's individual and class claims present a continuing controversy before the Court. Reply at 3.

     B.     *Defendants' Response*

Defendants' Response does not address Rule 15 or Rule 16. Instead, Defendants argue that the pertinent issue to address is whether the DPPA claim still exists for purposes of amendment, not whether there is good cause for the amendment. Response at 1–2. Defendants assert that "[w]hen the sole Plaintiff named in the Seventh Cause of Action in the Third Amended Complaint accepted Defendants' Rule 68 Offer of Judgment prior to any motion for class certification, her personal stake in the litigation was extinguished and her claim therefore

8

became moot." Response at 2. Thus, Defendants state that the DPPA claim cannot be amended and must be dismissed as moot.

Defendants contend that the general rule in the Tenth Circuit requires dismissal of a class action for mootness where a class has not been certified under Rule 23 and where the named plaintiff's personal claims are satisfied. Defendants rely on *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134 (10th Cir. 2009) for this proposition. *Id.* Defendants admit, however, that nothing prevents the proposed new class representatives from filing a separate DPPA class action. *Id.*

The Court first addresses the standards applicable to a request to amend. The Court next analyzes Defendants' argument in their Response that the DPPA claim must be dismissed on the ground of mootness, notwithstanding Defendants' failure properly to request dismissal of the DPPA claim in a Motion to Dismiss. *See* D.N.M. Administrative Order No. 92–88 (requiring the parties to "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought") and D.N.M.LR-Civ. 7.1(a).

II.    Analysis

A.    *Rules 15 and 16 Support Amendment.*

Plaintiffs were diligent in seeking to file the Fourth Amended Complaint. On November 12, 2014, Plaintiff McFaul filed a Notice of Acceptance of the Rule 68 Offer. (Doc. No. 74-1. On that same day, Plaintiffs requested leave to amend the Third Amended Complaint to replace Plaintiff McFaul with proposed Plaintiffs Trujillo and Steinfeld. Plaintiffs' proposed Fourth Amended Complaint adds no new claims. Plaintiffs simply substitute new class representatives to pursue the putative DPPA class action. With respect to the question of delay, Plaintiffs had no need to amend the complaint until November 11, 2014, when Plaintiff McFaul accepted the Rule

68 Offer. Thus, the Court finds that Plaintiffs have established good cause under Rule 16(b)(4) for modifying the scheduling order deadline.

In applying the more liberal Rule 15(a) standard, the Court concludes that justice requires granting the Motion to Amend.  Extensive discovery commenced only a few months ago; the deadline to complete discovery is not until late February 2015. At this time, a trial date is not yet set. Under these circumstances, the proposed amendment does not unfairly affect Defendants in terms of preparing a defense. The allegations supporting the new Plaintiffs' DPPA claim are much like those of Plaintiff McFaul. Stated differently, the proposed amendment arises out of the same subject matter alleged in the Third Amended Complaint and involves the same Defendant. Moreover, allowing the amendment promotes efficiency and reduces costs by allowing Plaintiffs to bring related claims in one proceeding rather than requiring the proposed new Plaintiffs to bring a separate class action.

Rule 15(a) contemplates liberal amendment of pleadings. There is no showing of undue delay, bad faith, undue prejudice, or futility of the amendment to support denial of Plaintiffs' Motion to Amend. Indeed, Defendants make no argument that the Motion to Amend should be denied on any of these grounds.

In addition, as observed by one district court in this circuit, "[c]ourts in the Tenth Circuit have … taken a rather liberal approach in permitting the substitution of class representatives at various stages in the proceedings." *In re Motor Fuel Temperature Sales Practices Litig.*, 2009 WL 3122501, at *2 n. 17, Nos. 17–MD–1840–KHV, 07–2348–KHV (D. Kan. Sept. 24, 2009) (unpublished). *See, e.g., Lindley v. Life Investors Ins. Co. of Am.*, Nos. 08–0379 & 09–1429, 2009 WL 2601949, at *4 (N.D. Okla. Aug. 20, 2009) ("If it becomes clear that class certification is appropriate but plaintiff is not a suitable class representative, … a new class representative

may be substituted."); *In re Aluminum Phosphide Antitrust Litig.*, 160 F.R.D. 609, 613 (D. Kan. 1995) ("If it later becomes apparent that certain types of purchasers are not adequately represented by the named representatives, the court may require substitution or addition of a class representative …."). The Court exercises its discretion under Rule 15(a) and finds that justice will be served by allowing Plaintiffs to file the proposed Fourth Amended Complaint.

      B.     *Dismissal of the DPPA Claim for Mootness is not Required.*

Defendants assert that a Supreme Court decision and several Tenth Circuit Court opinions support their position that Plaintiff McFaul's DPPA claim must be dismissed as moot in light of her acceptance of the Rule 68 Offer. *See, e.g.*, *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011); *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134 (10th Cir. 2009). None of these three cases directly answers the pertinent inquiry.

In *Genesis Healthcare*, the United States Supreme Court declined to determine the effect of an unaccepted Rule 68 Offer on the viability of an individual claim. "While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the issue is not properly before us." *Genesis Healthcare*, 133 S.Ct. at 1528–29. The Supreme Court premised its holding that the plaintiff had no personal stake in representing putative, unnamed FLSA claimants on undisturbed findings by the district court and Third Circuit Court of Appeals that a Rule 68 Offer afforded the plaintiff complete relief on her FLSA claim that was, therefore, moot. *Id.* at 1528. Thus, the *Genesis Healthcare* Court's holding was very limited. It did not resolve a circuit split on the effect of an unaccepted Rule 68 offer, it did not make findings that a Rule 68 offer rendered a class action claim moot, and it did not concern a Rule 23 class action, which the

Supreme Court took pains to distinguish from a FLSA collective action. "Rule 23 actions are fundamentally different from collective actions under the FLSA, … and these [Rule 23] actions are, by their own terms, inapplicable to these facts." *Id.* at 1529 (citation omitted).

Moreover, *Genesis Healthcare* sheds little light on the question before this Court, i.e., whether an accepted Rule 68 offer moots a putative Rule 23 class action and supports denial of a motion to amend where the amendment would add a new class representative. Nor did the Supreme Court decision address the present circumstances where the named plaintiff accepted a Rule 68 Offer but no judgment or order of dismissal has been entered as to that plaintiff's individual or class claims.

At first glance, *Clark* might appear to answer the question before this Court. In *Clark*, the Tenth Circuit Court of Appeals was asked to "determine whether a case may proceed as a class action even though the named plaintiff's claim to reform an automobile insurance contract became moot before the plaintiff filed a motion for class certification." *Clark*, 590 F.3d at 1135. The Tenth Circuit Court held that a suit brought as a class action must be dismissed for mootness if the named plaintiff's claims were satisfied before a class is certified. *Id.* at 1141.

However, *Clark* did not address the effect of an accepted Rule 68 Offer. *Clark* involved a lengthy, complex procedural history, where a class action complaint sought reformation of an automobile insurance contract. The complaint was filed in 2000, the case spent nearly seven years in federal court, and decisions were appealed to the Tenth Circuit on several occasions. *Id.* at 1135. After a three-day evidentiary hearing, the *Clark* district court awarded the plaintiff up to the policy's aggregate limit of $200,000 and dismissed the plaintiff's remaining claims. *Id.* at 1137. The defendant paid the plaintiff the full amount of benefits awarded to the plaintiff, including post-judgment interest. A year later, the plaintiff moved for class certification. *Id.* The

district court denied the motion to certify, also finding that the entire case was moot because Clark no longer had a claim against the defendant and did not have a personal stake in the outcome of the litigation. *Id.* at 1136, 1137–38. After reciting the procedural history and emphasizing the law of the case, the Tenth Circuit Court held that the "*posture of this case compels us to apply the general rule that 'a suit brought as a class action must be dismissed for mootness ....*'" *Id.* at 1141 (emphasis added) (citation omitted).

The posture of the present case is very different than that of *Clark*. In *Clark*, the district court did not reach its mootness holding until after the district court had entered judgment for the plaintiff and after the defendant had paid the full amount due under the judgment to the plaintiff, including post-judgment interest. *Id.* at 1136, 1137–38. Here, Defendants have not made any payment to Plaintiff McFaul, and the Court has neither entered judgment as to Plaintiff McFaul's acceptance of the Rule 68 Offer nor an order of dismissal.

In *Lucero*, the Tenth Circuit Court concluded that an unaccepted Rule 68 Offer for the full amount of a plaintiff's claim, made before a class certification decision, did not render the class action moot. That is not the issue before this Court where Plaintiff McFaul accepted the Rule 68 Offer. Moreover, the *Lucero* Court expressed reservations about applying the general principle that an action is rendered moot if a defendant makes an offer of judgment for a plaintiff's complete recovery in the context of proposed class actions. *Lucero*, 639 F.3d at 1243.

Also noteworthy is the fact that none of the many cases Defendants rely on concerned a motion to amend. *See* Response at 4–5. Instead, most of the cited cases addressed appeals from the trial court's decisions on motions to dismiss or motions for summary judgment. *See, e.g., Lucero*, 639 F.3d at 1239 (appellate court reversed district court's decision granting the defendant's motion to dismiss or motion for summary judgment); *Damasco v. Clearwire Corp.*,

662 F.3d 891 (7th Cir. 2011) (circuit court affirmed trial court's decision granting motion to

dismiss and denying motion to reconsider); *O'Brien v. Ed Donnelly Entrs., Inc.*, 575 F.3d 567

(6th Cir. 2009) (deciding appeals from summary judgment rulings); *McCauley v. Trans Union,*

*LLC*, 402 F.3d 340 (2d Cir. 2005) (deciding appeal from district court's decision to dismiss

case); *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948 (9th Cir. 2013) (reversing

district court's decision to grant motion to dismiss); *Weiss v. Regal Collections,* 385 F.3d 337 (3d

Cir. 2004) (appeal from summary judgment rulings); *Sandoz v. Cingular Wireless LLC*, 553 F.3d

913 (5th Cir. 2008) (appeal from ruling on motion to dismiss).

 Defendants admit that none of the cited decisions directly answered the issue before this

Court. Thus, Defendants argue that by "clear implication," Response at 6, 8, the case law

supports a finding that an accepted Rule 68 offer moots a Rule 23 class action claim. This

implication is not as strong or clear as Defendants suggest.

 The uncertainty of the law, as evidenced by the inconsistent application of Rule 68 in the

context of proposed class actions and commentaries by various courts, weighs against a finding

that the Rule 68 offer moots Plaintiffs' DPPA claims. In *Lucero,* 639 F.3d at 1243 n.2, the Tenth

Circuit Court noted the courts' inconsistent application of Rule 68 offers "in proposed class

actions prior to class certification." The *Lucero* Court further commented that "[a] great deal of

debate has ensued regarding the application of the Supreme Court's mootness doctrine in the

unique circumstances posed by class actions" and that "uncertainty prevails among the lower

courts regarding the jurisdictional effect of offers of judgment made prior to class certification."

*Id.* Moreover, while acknowledging the importance of Article III imperatives that a live case or

controversy be before the court, the *Lucero* Court described Article III's dictates as "notoriously

murky." *Id.* (citation omitted).

The *Lucero* Court also observed that "the operation of Rule 68 in the class action context has been criticized for its tendency to force plaintiffs to move for class certification on an inadequate record." *Id.* at 1244. Other courts have expressed concern that a defendant may essentially "pick off" named plaintiffs by tendering early Rule 68 Offers and mooting the named plaintiffs' individual claims. *Weiss*, 385 F.3d at 343. In *Lucero*, the Tenth Circuit Court discussed several decisions where courts have held that a Rule 68 offer on claims of a putative class should not be mooted when "a diligently pursued motion for class certification is pending before the court" and also when "the complaint embraced similarly situated individuals in addition to the named plaintiff." *Id.* at 1248–49 (citations omitted).

Plaintiff McFaul is not merely a single adverse party, she is part of an indivisible putative class. Plaintiffs' class claim, in other words, could be said to embrace similarly situated individuals. *See id.* at 1249–50 (concluding "that the federal court's Article III jurisdiction to hear the motion for class certification is not extinguished by the Rule 68 offer of judgment to an individual plaintiff" because "the personal stake of the class inheres prior to certification." (citation omitted)). *See also Clark*, 590 F.3d at 1138 ("In light of the relative independence of the class entity from any one party, the Court has recognized the more flexible character of the Art. III mootness doctrine in the class action context.") (citation and internal quotation marks omitted). This is particularly true in view of Plaintiff McFaul's express limitation of her Rule 68 Acceptance to only those claims "made on her own behalf and not with respect to claims made on behalf of the putative class pursuant to Fed. R. Civ. P. 23." Doc. No. 74-1.

Moreover, as already noted, this is not a case where the Court already entered judgment and an order of dismissal with respect to the Rule 68 Offer and Acceptance. Nor is this a case where Defendants have already paid Plaintiff McFaul in full, thereby satisfying all of her claims.

In addition, there is no showing that Plaintiffs have delayed filing a motion for class certification. The Court did not set a separate deadline for filing class certification briefing that Plaintiffs missed. Presumably, Plaintiffs will file that motion, if supported, by the substantive motion deadline. *See Lucero* at 1244–45 (noting that the practicability of filing early class certification motions varies among cases and jurisdictions; in some jurisdictions, parties proceed according to scheduling order deadlines; in other jurisdictions, courts establish separate time limits to file a motion for class certification).

Finally, it makes little practical sense to force the newly named Plaintiffs to file a separate class action where the underlying allegations of DPPA violations in the Third Amended Complaint and the proposed Fourth Amended Complaint are similar and the parties are essentially the same. Moreover, by allowing the DPPA claim to proceed with new class representatives, the Court averts the need for filing a separate class action and thereby avoids the potential for waste of judicial resources.

IT IS THEREFORE ORDERED that:

1) PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT TO SUBSTITUTE NEW PLAINTIFFS AS PROPOSED CLASS REPRESENTATIVES (Doc. No. 73) is GRANTED. Plaintiffs must file their Fourth Amended Complaint (Doc. No. 73-1) by December 30, 2014; and

2) CASSIDY STEINFELD AND SHANNON TRUJILLO'S MOTION TO INTERVENE AS NEW CLASS REPRESENTATIVES (Doc. No. 83) is DENIED as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE